Case number 17-0380, Carla Gress v. Lakhani Hospitality, Inc. Good morning, will the parties please step forward, identify yourselves for the court. I'm sorry, you're not able to hear me. Good morning. Good morning, I'm Ellen Green for the Defendant's Capitalese. Robert G. Black for the Plaintiff Appellate. Great. I think you're all familiar with the rules of proceedings in this court, 15-15. Would you like to reserve time for rebuttal? I would, Your Honor. Very well. If you're ready to proceed, we are ready to hear you. Thank you, Your Honor. Good morning, may it please the court, counsel. As to the premise of liability counts, what we're doing here is with here are concepts of duty and reasonable foreseeability. Okay, we've got these buzzwords, these concepts. What I'd like to do then is focus on the factual allegations surrounding these concepts. Before you go there, in this case where there is a special relationship, Correct. isn't the reasonable foreseeability analysis and duty taken care of by the very nature of the fact that we recognize a special relationship between an innkeeper and a guest to use reasonable care to protect the guest? We believe so, Your Honor, that this special relationship between the innkeeper and guest, and we understand that there's different viewpoints within the case law. We both cited to that different, but that special relationship that arises there between innkeeper and guest makes it such that the defendants had that heightened duty and responsibility here, and they failed to discharge that duty and responsibility here. The order from the trial court indicated, at least to me, tell me if you disagree, that the allegations were inadequate because essentially you failed to prove notice, that they were on notice, that their security guard or somebody else was a creeper and a rapist. Is that, you know? You know, I suppose that is one aspect of how the trial court viewed it. I suppose, too, Your Honor, because we're looking at this de novo, I did not focus as precisely on that aspect of things because we are looking at it afresh and anew with this court's de novo review. I don't know that, I understand that there are aspects that the security guard here did have some questionable character flaws and did have some aspects of his prior arrest. Is there any Illinois case law that you've seen that stands for the proposition that before a hotel can be held liable for an intentional act like a rape, that they have to be on notice that that person has raped in their facility before? I have not seen that case, Your Honor. Is it your position, counsel, that no such notice, as Justice Lavin characterizes it, is required in the context of the special duty relationship that is imposed on an innkeeper? That is our position, particularly under these factual circumstances. And let's take a look kind of at what I would call the concentric center of the factual allegations here. We had a situation where the security guard goes to the room for whatever reason, finds the plaintiff, the guest, incapacitated. The security guard then reports that to the defendant's manager at the hotel. Now the defendant's manager at the hotel could have taken some other options, a wellness check, or she could have gone and checked on the plaintiff, something. But the action that the manager took was to send this security guard back to the room. And not for any of those purposes, but to repair an air conditioner or check on an air conditioner. And consider the timing aspect, too. This was late night October 2 or early morning October 3, 2013. It's unclear, and we're at the cleaning stage, so nothing is real precise. But that is what is left. Now certainly, I mean, it's well within the realm of possibility that October 2, late night October 3, early in the morning in Chicago still might be hot and humid. Okay, I don't know what the particular weather was for that day, but you haven't gotten that far. Still, to send the security guard, an individual male security guard, back to the room of an incapacitated guest in October 2 or 3, late night, early morning, does not comply with this heightened and special duty. So would any criminal conduct conducted by any employee at any hotel, given the special relationship that exists, notwithstanding there is no notice or indication to the hotel managers of any prior misconduct, does any criminal conduct then create liability for the hotel? You mean heightened level of security? Well, with the heightened level of duty, what we're alleging here is the series of incidents, the series of prior circumstances, does put the hotel on notice generally. Yeah, but you just indicated that prior notice is not an issue or is not required. Okay, maybe I misspoke in that fashion. What I was trying to focus on at this point, for your honors, was just kind of the starting point for where we're looking at in terms of why was this done to begin with, that if there is this heightened duty and responsibility, that duty and responsibility was not discharged from the get-go. Okay, but in terms of reasonable foreseeability, you still have to prove that by proximate cause. We have sort of a dual situation. Sometimes it's key to a duty analysis. In almost every case, it's key to proximate causation. Correct. And as it relates to this particular hotel, you have alleged in great detail that this was a rather licentious environment. Correct? That is correct. What did that include? That includes prostitution. Correct. Alcohol abuse. Yeah. Where is it alleged in your complaint, other than the 2,000 arrests, that this was a place known for, frequented for prostitution? Well, it's alleged in the complaint, and your honor, you know, too, also, and if I may speak, sure. First, you're speaking about proximate cause and matters of proof. We are still at the Section 2-615 stage, so we'd love to get to those aspects of proof. Or if those aspects of proof can't be, you know, shown at the motion for summary judgment stage, well, you know, but we are still trying to prove or, excuse me, plead the case. But as to your honor's inquiry also, there has been aspects alleged and pleaded of prostitutes frequenting the bar there, Bar Louie, during 2012-2013. There have been allegations of the employees taking young women guests, young female guests, into a room where they, you know, have a party, smoking, drinking, those types of things. There's allegations that, you know, the back door has remained unlocked. There's allegations that while there are some security cameras, that they are woefully inadequate to cover the entire area, and some of them are not operational, and they're not even routinely monitored. So all of this leads to this kind of environment that employees there kind of feel like they've, you know, if they want to, they've got the relevant places, the wild, wild west, so to speak. Let's talk about the incident that wound up in this security guard air conditioner repairman's file. Mike. With the, somebody who was taken from the airport. Correct. In July 2007, a woman was taking a shuttle bus from the airport to the hotel. And it was a, I believe it was a companion hotel. And she was mentioning to the security guard a couple of things. And she checked into the room. And when she checked into the room, the security guard was not present. But then she received a call in her room from the security guard. Hey, do you have a wake-up call for tomorrow morning? I've got a cell down here if you need it. And so the guest was a little taken aback. How did this person find out what room I'm in? I didn't tell him what room I was in. How did he know about this? Why is he calling me up to see if I wanted to come down there for a cell? Later on, she notices a shadow outside her door. She bolts the door. She is fearful. And she reports this by letter. Now, as alleged, the security guard on duty that night is this individual defendant. And I believe it's pronounced Singatay, but I'm not 100% sure. And that letter goes into his file. So, as alleged, we have a prior incident where someone has asserted that a security guard, this individual, has exhibited behavior that shouldn't be typical for a security guard, particularly towards a single individual woman traveling on business at one of these hotels. If there is a requirement for notice in a case like this, whether it's actual or constructive notice, how effective was the notice that the hotel was on after the plaintiff went to the police and went to the hospital and said that she was raped? What happened two months later? Oh, okay. Two months later, there was another incident at the hotel extremely similar. And in that very similar incident, a woman, again, was at the individual bar at the hotel, Bar Louie, apparently had something placed in her drink, which is similar to the circumstances alleged here, and then found herself in her room incapacitated and sexually assaulted. Very similar to the same situation, the same allegations that occurred here. With another employee from the hotel, if I believe the allegations were two employees, same modus operandi, so to speak, same situation as what had occurred here. And this was, that was, I was here October 2013, that one I believe was December 2013. Your opponents are relying in the main, it seems to me, in terms of duty and foreseeability on Schmid versus Fairmont. Could you give us your spin on that and how comparable it is to the facts of this case? I will be quite candid, Your Honor. For some reason, I am not recalling that case. Schmid was the case where the... Electrocution or... Yeah, it will shock you. Yep. Okay? Remember the light bulbs were popping out and then he hit the switch and he got a jolt and he fell down and broke his arm or something? At the Fairmont Hotel? Yeah. Okay. I apologize to Your Honors. I read and re-read all the cases. For some reason, this one's not... They're not missing anything. They're just having fun. All right. Well, I get that it's about shocking me and that happens so seldom here. Well, while we're having a little fun, too, I guess that's okay, Your Honor. No disrespect intended to anybody here. Okay. So, I guess there's been other circumstances apparent here in 2012 and 2013. You know, key cards were used so that things were removed from rules. There was an issue of embezzlement. It just became a whole pattern of behavior by the employees at this hotel. And then we have the additional behavior that's attributable to this individual's security record. We've already mentioned that incident, the bizarre incident, so to speak, in 2007. He had a corrective action against him in March of 2013. Even after this incident, there were a couple of other incidents, and I believe it was January 2015, one where he was basically stalking some women and making them nervous in the hotel. These would be the events that occur after the October 2nd, 2013 incident, though, would be post. If your position is that notice is somehow required, I'm not certain, or actually I don't believe at all that the post-occurrence events would have any relevance on the issue of notice. I understand that, Your Honor. I only mention that because they are in the pleadings and because they do concern this individual defendant in terms of the security guard. The other one that is of more concern, obviously, is his arrest for solicitation. Does he equate solicitation, which is a consensual criminal act, with sexual assault? Are they the same? I don't believe, honestly, Your Honor. I do understand that there is a philosophical difference between the two, but I don't believe it's a great leap of logic to say that someone who has solicited and been arrested for solicitation should not be providing security at a hotel. That would go to the negligent hiring issue, though. That would also go to negligent hiring and supervision. That is correct, Your Honor. But in that aspect, if you have that background with that individual, you certainly shouldn't be sending him back to an incapacitated guest room like that. But as to the negligent supervision, as to the negligent hiring, certainly that is something that should have been looked at, should have been a part of the process. We did cite the case early versus Apollo Detective Agency as a primary case in our brief in that regard, where the court said prior arrests, that case went to trial, and the court said prior arrests, even though the nature of the prior arrests did not come out, that those prior arrests were germane and were relevant to how the case was being viewed. I'm not sure if that's my time. So now we're really having fun. It ain't me. Okay. It ain't me either. I don't know if that's my time or if that's where the... You have a few minutes if you want to... I'll say the remainder of my time for rebuttal. We obviously are asking that the dismissal of this case at the 2-6-15 motion stage be reversed and the case be allowed to go forward. Thank you, counsel. Ms. Green. May it please the court. There's two types of claims here, the premises liability and the negligent hiring and retention. With respect to the premises claim, you were discussing whether there had to be notice of prior incidents. These claims are brought, are premises liability claims. And as a possessor of lands or an occupier of land, there's no duty to protect against the criminal acts of others. But this isn't just a premises owner. This is an innkeeper. Correct. So that creates a special relationship between an innkeeper and guests. But even if you have that special relationship, there still has to be a foreseeability of the criminal attack. So it's the special relationship and the reasonable foreseeability. Is there anything in Section 314A of the Restatement of Torts that talks about innkeepers and common carriers and their duty to protect? Is there anything in there that indicates that they're only potentially responsible for an unreasonable risk of physical harm if it has notice? Is there any notice requirement in that? There's no – I'm not familiar with what that says. We relied on 343, 344 on possessors of land. But they don't speak in terms of notice. Duty has to do with foreseeability of harm. Is it foreseeable that, you know, this woman could have been sexually attacked in that way by a security guard, their own employee? This isn't – you know, it would be like the World Trade Center. Maybe you have security there. But that doesn't necessarily mean that the security guards or the hotel would have anticipated that a terrorist plane would crash into the tower. Are you comparing a rape in a hotel to the Twin Towers going down? Absolutely not. I'm saying that – Let's talk apples to apples. Let's talk about whether or not rape and some kind of violence of a hotel guest is something that does occur on an all-too-regular basis in modern-day America. It occurs. The question is, did the hotel – could they have reasonably foreseen the sexual assault of the plaintiff in this case? And this isn't an instance where there's just – Is that as to duty or is that as to proximate cause? Because proximate cause is for the jury. This is – duty is a question of law for the courts. I know, but I'm just – I'm specifically asking you to hone in on reasonable foreseeability. In the order that was issued in this case dismissing the case, there's no indication that the reasonable foreseeability that the trial court is talking about was talking about duty. It sure looks like it was talking about causation. And if it is related to duty, explain to me why and how. Well, since this is de novo, the reasoning of the trial court is not essential. Well, it still is. But it was our motion. In summary, judgment is relevant. As to the question of should this not go back because there's a factual dispute. Yeah. Well, the question of foreseeability is not a causation issue. It's a duty issue. There has to be the special duty for the premises owner to establish that he alleges that there's a hotel and that there's a guest. But they don't allege facts to support a conclusion that it was reasonably foreseeable that somebody would be attacked in her hotel room by a security guard by – this isn't somebody who came off the premises. You don't know the history of this hotel. I do not know the history of the hotel. And that's not alleged in the complaint. If you have the history of this hotel, you know that the hotel should be on notice and should know that things are foreseeable. The history of the hotel would have to include attacks of guests by security guards. So are you suggesting there's a one-free-rape rule? No, absolutely not. Just like we used to have the one-free-bite rule in dog bite cases? It doesn't. That's what the trial court said, that the case was being dismissed because they couldn't have foreseen that their security guard would rape this woman because they didn't know him to have raped anybody in their hotel before. Well, that really goes to the negligent hiring. They have security. This isn't a case where they negligently, you know, allowed people to roam in and she was attacked by somebody from off the premises. They could have had a fortress. This is a case in which two women, nine weeks apart, were allegedly drugged and raped at the same hotel. So the notice didn't do any good for the woman who got raped the second time. As far as a duty analysis, the second assault that occurred two months after this assault is irrelevant because it couldn't affect the foreseeability. That would be great for the next case. It may be. So how do you give us your thoughts with respect to Schmidt v. Fairmont? Because there we have another innkeeper situation, and they talk about or the court there discusses foreseeability. Your opponent wasn't able to address it, had not yet read the case, expect that he would likely read it very shortly. As will I, Your Honor. Brief recess. As will I. Oh, you have not read it either. I have not, and I did not rely on it. All right. It was only like five pages of your brief. I'm not sure. A recessive brief, I should say. But you did a brief. No, Your Honor. I authored this brief. I do not recall discussing Schmidt. And it cited Vosgraf and Prosser, and it's very scholarly. And the case went to a jury trial with expert witness testimony. This case is on the pleadings. It's racist. Exactly. My money told me we had permission to beat you up. Right. Thank you. But you do, in your courts and authorities, cite it on page 19. Oh, did I, Your Honor? But as far as the facts, if I did cite it, maybe it's for the proposition of the need to have reasonable foreseeability of a crime of a similar nature. It's not enough that it's just a dangerous place or that, you know, may surprise people that there are prostitutes in hotels. That case was tried in front of a jury, and they had an electrical expert who didn't connect the shock from the switch to the problems that they knew they were having with the light bulb. I mean, that's approximate failure of proof of proximate cause at trial, not on the pleadings, in an order, you know, that discusses the facts of this case, doesn't cite a single case for, you know. But this is more similar to the case, something that versus Melvin and Associates that we cite, I think it's Fort City Mall, where somebody was shot by a gang member, and it was not enough that the mall was on notice that there was gang slogans, graffiti, and juveniles fighting, and there had been an armed robbery. And even in that situation, they determined that there wasn't a duty because it wasn't reasonably foreseeable that there would be a crime of this type. And I can follow that, but what do you have to say about Merzlach and Danil versus the Oak Park Arms case? Are you familiar with that one? Is this with the... Where the fiance was out with her... Yes, Your Honor. Right? No prior rapes were alleged? No, but there was some other conduct where I think it was that the offender was a younger person that had been drinking... It was a line of bad bellboy cases. He was a drunk bellboy. Correct. And I also want to point out, there's no allegation and it has never been argued that there was any kind of voluntary undertaking in this case. This is a premises liability. Are you kidding me? It was your security guard who did it. You provided security. Yes. You had a duty to protect the guests. Which they attempted to do by providing security. By sending them in with a key to an intoxicated woman? This is overlapping with the negligent hiring claim. And the only basis for that claim is in four and a half years before somebody hired him in 2004, he had been arrested for solicitation of a prostitute by offering $10 for a sex act to an undercover police officer. And we don't even know if the police officer was male or female. Then, it was also 13 years before this incident. Let me just take you to, not Daniel, but the other case, which is seemingly more like this case. Where there are at this particular facility, the club, there are several break-ins, not just at the club, but also in and around the club. So we have this conduct, which is not sexual assault, but break-ins. But then, in this particular case, we find or the court finds foreseeability because the club should have been on notice about the break-ins and a sexual assault occurrence. That seems more like our case. How can you distinguish that? Well, the difference in that case, they were aware of these prior break-ins. That would be like in this case, if they had alleged that we were aware that security guards were breaking into women's rooms using key cards without their permission. There was that sort of foreseeability in that case because there were prior break-ins through the windows. And that's what happened. A woman was attacked by a break-in. But at this facility, there are other instances, not sexual assault, but involving theft and some other conduct, which would have put the hotel on notice. General allegations of criminal incidents are not enough to impose a duty. These aren't general allegations. They allege, for example, that somebody had personal property stolen from their room while they were gone from the room. And that an examination of the security system revealed that only hotel employees were in the room during that period of time, indicating that it was hotel employees who were stealing from guest rooms. If that's the conclusion to be drawn, it only suggests that there was, of course, the ability of a property crime. That's not what I was about to say. A sexual assault and somebody stealing somebody's iPhone. And it's also not clear that this would be a security guard as opposed to maybe a cleaning person who had access to a room. Again, that sounds a lot like one-free-rape rule to me. They have to have proof of it. And obviously, there was proof of it here, and a second woman got raped anyway. Well, again, the second incident cannot be considered with respect to a foreseeability analysis and duty because it would be hindsight and not looking forward as to what they should have anticipated. And one other thing I wanted to just bring up that was in the point raised in the reply brief is we had an argument about the franchisors not having any duty because they didn't have any possessions. I think this is the one you can skip. Yeah. We'll give you a pass on that one. It was raised and it was in the motion to dismiss. And also, the case law is clear that franchisors, if they don't possess a land, don't have any duty. No problem. Yeah. If there are no further questions, we'd ask you to affirm the trial court's dismissal. Thank you. Ms. Black? Your Honors, I did go back and look at our brief at page 15, and I did note that the trial court did basically rely upon a lack of foreseeability in its ruling, which I presumed to be inherent within some sort of duty analysis, but did say a lack of foreseeability because none of the prior incidents included a sexual assault by Cemetery or another employee of a hotel guest in her room, and just one conclusionary allegation of a prior sexual assault of a hotel guest, but no federal alleged assault by Cemetery or another employee that occurred at the hotel premises. So that is exactly correct, and I did not really hone in on that aspect of the trial court's determination that it based its foreseeability ruling within, I guess, the duty construct, as best as I can determine, based upon there not being a particular similar sexual assault by an employee in the same hospital. I did go back and look at the citation to Schmidt within the defendant's brief, and the citation to Schmidt, when I looked at it, had to do with the fact that it was cited for the proposition, which was opposite of Merzlach, if that's how I pronounce it, that there wasn't a heightened duty. But I do note that Schmidt does contain an extensive foreseeability analysis after trial, and as I was looking at it with the light bulb popping kind of facts there, I did make note of that. So, let me see. Merzlach. So we, yes, we did cite Merzlach, and we believe that Merzlach is directly on point here as showing surrounding circumstances that are sufficient in the innkeeper guest circumstances. So unless there are any other questions from your honors, we again would ask that the judgment of the circuit court dismissing the allegations of premises liability and for negligent entrustment, negligent supervision, and the corresponding loss of consortium counts be reversed. Thank you, counsel. Thank you, honors. The issues were vigorously argued this morning. Take the matter under advisement, and a disposition will be issued in due course. Thank you, honors. Thank you both.